IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

    Plaintiff,

v.                                                      CASE NO. 4:14-cv-349-RH-GRJ

OFFICE OF THE ATTORNEY GENERAL,
et al.,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

This case is before the Court for screening of Doc. 1, a *pro se* civil rights Complaint. Plaintiff is a former prisoner who was released from confinement on July 2, 2014. Plaintiff filed this case and several others on the day of his release. Plaintiff has also moved for leave to proceed as a pauper, Doc. 2, and for a declaratory judgment, Doc. 3. Leave to proceed as a pauper will be granted for the limited purpose of dismissing this case.

Plaintiff has been a frequent filer in this Court, having filed fifteen cases between 2005 and 2010. Since July 2014, Plaintiff has filed seven more cases. In general, Plaintiff's various cases have challenged state criminal proceedings and events which led to Plaintiff's incarceration in the Florida Department of Corrections. The claims raised in this case are brought against the Northern District of Florida and Eleventh Circuit judges who ruled on, or otherwise presided over, Plaintiff's federal habeas corpus case and appeal, as well as the Assistant State Attorney who represented the State in Plaintiff's habeas corpus case. *See* Doc. 1; *Rolle v. McDonough*, Case No.

4:06-cv-293-SPM-WCS. Plaintiff's prior civil filings resulted in his designation as a "three-striker" pursuant to 28 U.S.C § 1915(g). Plaintiff contends that the presiding judges and the state attorney in his habeas case improperly denied him relief. Plaintiff seeks injunctive relief and compensatory damages. Doc. 1.

Plaintiff may not bring claims against the counsel who represented the state in his habeas case challenging his criminal convictions. "Traditional common-law immunities for prosecutors apply to civil cases" arising from criminal prosecutions. *Rehberg v. Paulk*, 611 F.3d 828, 837 (11th Cir. 2010), *citing Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). "[P]rosecutors have absolute immunity for all activities that are " 'intimately associated with the judicial phase of the criminal process.' " *Van de Kamp v. Goldstein*, 555 U.S. 335, 338 (2009) (quoting *Imbler*, 424 U.S. at 430); *accord Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones*, 174 F.3d at 1281. "This immunity extends to Attorneys General and Assistant Attorneys General." *Rolle v. Edmondson*, No. 3:10cv319, 2010 WL 1838242, at *1 (M.D. Fla. May 3, 2010), *citing Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1999).

Further, Plaintiff's claims against the federal trial and appellate judges presiding over his habeas case are also barred because a judge is entitled to absolute judicial immunity for all actions taken in his or her judicial capacity, except when the judge acts in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000), *quoting Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Absolute judicial

immunity, like other forms of immunity, means a judge is immune "from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 12 (1991).

In sum, Plaintiff in this case is seeking to relitigate his previously-rejected habeas corpus claims by asserting civil rights claims against the presiders and counsel in that case.  There is no basis in law for Plaintiff to proceed with the claims asserted in the Complaint.

Accordingly, it is **ORDERED** that the motion for leave to proceed as a pauper, Doc. 2, is **GRANTED.**

It is respectfully **RECOMMENDED** that this case be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(ii), and all pending motions **TERMINATED** and the case closed.

**IN CHAMBERS** at Gainesville, Florida, this 12th day of August 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**